983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin Todd FLIPPO; Tina Marie Flippo, Plaintiffs-Appellees,
v.
Tommy PHELPS, also known as Tommy Connell; Don Linzy; Jim
Vaughn; Officer James Jones, Defendants-Appellants,
 No. 92-5476.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1993.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge[1]
 PER CURIAM.
 
 
 1
 This appeal challenges the decision of the United States District Court for the Middle District of Tennessee, that appellant Tommy Phelps, Don Linzy, Jim Vaughn and James Jones, police officers employed by the Hendersonville, Tennessee, Police Department, were not entitled to summary judgment on grounds of qualified immunity. The City of Hendersonville Police Department was also named as a defendant but is not an appellant. We affirm the judgment of the district court.
 
 
 2
 Appellees Franklin Todd Flippo and Tina Marie Flippo sued the appellants under 42 U.S.C. § 1983, and sought the invocation of the court's pendant jurisdiction by alleging state tort claims of invasion of privacy, assault, false imprisonment and outrageous conduct. The § 1983 claims arose under the Fourth Amendment right to be free from unreasonable searches and seizure, and the right privacy. The officers were sued for money damages in their individual and official capacities. The City of Hendersonville Police Department, was named in the Complaint, but the district court granted its motion for summary judgment.
 
 
 3
 The individual appellants moved for dismissal of all of plaintiffs' claims against them on grounds of qualified immunity. Similarly, the City of Hendersonville moved for dismissal of the claims against it on grounds that it was not a legal entity subject to a 1983 suit and the police officers' conduct was not the result of an official policy or custom as defined in Monell v. Depart of Social Service, 436 U.S. 658 (1978).
 
 
 4
 After the matter was referred by the District Court to the United States Magistrate Judge, a Report and Recommendations were prepared and transmitted. Appellant Tommy Phelps filed objections to them while plaintiffs responded thereto.
 
 
 5
 The district court noted that the Magistrate addressed four separate motions for summary judgment that the various defendants had filed, including Phelps' motion for summary judgment on grounds of qualified immunity; Linzy's, Vaughn's and Jones' motion for summary judgment on qualified immunity grounds and plaintiffs' failure to state a privacy claim. They also sought, under their motion for summary judgment, to win dismissal of the pendant state claims.
 
 
 6
 The district court accepted and adopted in its entirety the Magistrate's Report and Recommendations. Appellants' objections to the same were denied. Accordingly, Hendersonville Police Department's motion for summary judgment was granted, as well as the summary judgment motion of appellants Linzy, Vaughn and Jones with respect to the pendant state law claims and the privacy issue. Phelp's motion for summary judgment as well as the challenge to the fourth amendment claim by Linzy, Vaughn and Jones were denied by the district court.
 
 
 7
 After a careful examination of the record, including the Report and Recommendations of the Magistrate, the opinion of district court adopting same, the appellate briefs and arguments of counsel, we find no error warranting reversal. Therefore, we AFFIRM the decision of the district court.
 
 
 
 [1]
 The Honorable Charles M. Allen, Senior United States District Judge for the Western District of Kentucky, sitting by designation